# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-CV-255-FDW

| | |
|---|---|
| JAMES MICHAEL SHROPSHIRE and CHARLENE SHROPSHIRE, <br><br> Plaintiffs <br><br> vs. <br><br> PACIFIC CYCLE, INC., FALCON CYCLE PARTS CO., LTD., WAL-MART STORES, INC., WAL-MART STORES, EAST I INC., and WAL-MART STORES EAST, L.P., <br><br> Defendants. | ORDER |

NOW BEFORE THE COURT is Defendant Falcon Cycle Parts Co.'s motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The time for Plaintiffs to respond in opposition has expired with no response filed by Plaintiffs. At this stage of litigation, the burden is on Plaintiffs to make a prima facie showing of facts sufficient to support the existence of personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Here, Plaintiffs have made no effort to refute the affidavit and memorandum accompanying Falcon's motion which contends that the company has not purposefully directed any commercial activities at North Carolina other than merely inserting its product into the stream of commerce in Tianjin, China. In accordance with the rule set forth in Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939 (4th Cir. 1994), this is insufficient to satisfy the requirements of due process for exercising personal jurisdiction. Therefore, Falcon's motion to dismiss (Doc. No. 12) is GRANTED and all

claims against Falcon are DISMISSED for lack of personal jurisdiction.

    IT IS SO ORDERED.

                                      Signed: January 21, 2009

Frank D. Whitney
United States District Judge